UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| ANTHONY S. DICKEY, )<br>)<br>　　Plaintiff, )<br>)<br>V. )<br>)<br>SHERMAN ACQUISITION L.P. and )<br>BRACHFELD ASSOCIATES, )<br>)<br>　　Defendants. )<br>) | Civil Action No. 3: 08-15-DCR<br><br><br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Anthony Dickey's motion for default judgment [Record No. 11], which the Court construes as a being filed pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.[1]  In support of the motion, the Plaintiff states that Defendant Brachfeld Associates is in default because it has been properly served with a Complaint but has failed to timely file an answer or other responsive pleading.

Rule 55(b) of the Federal Rules of Civil Procedure provides that a judgment of default may be entered by the Clerk or the Court.  However, prior to issuance of a default judgment, the Clerk must enter a default against the defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  *Johnson v. Dayton Electric Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *see*

---

[1]　The Plaintiff has not specifically indicated that he requests a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.  However, the Court notes that relief pursuant to Rule 55(a) of the Federal Rules of Civil Procedure is typically referred to as an entry of default as opposed to a default judgment.

*also Epicentre Strategic Corp. v. Cleveland Const., Inc.*, 2007 WL 715297 (E.D. Mich. 2007); *Buckeye Cablevision, Inc. v. Sledge*, 2004 WL 952875 (N.D. Ohio 2004); *DeTore v. Local #245 of the Jersey City Public Employees Union*, 511 F. Supp. 171, 176 (D.N.J. 1981) ("However, no default judgment may be entered under either Fed.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." In this case, there has not yet been an entry of default by the Clerk pursuant to Rule 55(a). Therefore, the Plaintiff cannot obtain a default judgment from the either the Court or the Clerk.

Accordingly, the Plaintiff's motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure [Record No. 11] is **DENIED**, without prejudice. The Plaintiff may renew such motion, if appropriate, upon obtaining an entry of default by the Clerk pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

This 6th day of August, 2008.



Signed By:
*Danny C. Reeves* DCR
United States District Judge